■ THE PEOPLE OF THE STATE OF NEW YORK et al., Appellants, v TACONIC TELEPHONE CORP., Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered August 3, 1981 in Albany County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint. Defendant Taconic Telephone Corp. (Taconic) is a telephone corporation subject to regulation by the Public Service Commission (PSC). Taconic adopted a resolution to redeem certain outstanding preferred stock subject to PSC approval. Thereafter, the resolution was amended to the effect that prior PSC approval of the redemption plan was no longer required, the reason being that the revenues to be used to carry out the plan would be derived from telephone directory advertising and sales and from rentals of surplus building space. Taconic proceeded to redeem some 428 outstanding shares without PSC approval. The PSC instituted the present action for penalties against Taconic for its failure to comply with section 107 of the Public Service Law. Special Term granted Taconic's motion for summary judgment dismissing the complaint, holding that "the funds from rentals and directory advertising are certainly not connected with public service but represent other revenues received by a public utility". This appeal ensued. A resolution of the controversy turns upon the meaning of the phrase "revenues received from the rendition of public service" as it appears in section 107 of the Public Service Law. That section provides: "Except with the consent and approval of the public service commission first had and obtained, no public utility shall use *revenues received from the rendition of public service* within the state for any purpose other than its operating, maintenance and depreciation expenses, the construction, extension, improvement or maintenance of its facilities and service, the payment of its indebtedness and interest thereon, and the payment of dividends to its stockholders." (Emphasis added.) While the legislative history of the statute is sparse and we find no case law interpreting the precise language in question, it is, in our opinion, clear and unambiguous. It specifically restricts the expenditure of revenues received

from the rendition of public service. This, in our view, refers to funds which have been collected from customers for telephone related services (see 1934 Public Papers of Governor Herbert H. Lehman, p 74). The sale of advertisements for publication in the directories is not considered an essential public service (*Matter of National Merchandising Corp. v Public Serv. Comm.*, 5 NY2d 485, 490). The same reasoning applies with equal force to the rental of excess building space. Special Term, therefore, properly granted summary judgment dismissing the complaint and the judgment should be affirmed. Judgment affirmed, with costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.